### Simrall v. McKenna.

(Decided June 23, 1922.)

Appeal from Kenton Circuit Court
('Criminal, Common Law and Equity Division).

1.  Evidence—Admissibility—Authentication of Record Evidence.—
Under section 1629, providing that a copy from the mayor's office

of any city, or from the official books of any town or religious society, or an ordinance or by-law for the rule of such city, town or society, attested by the keeper thereof, shall be evidence for any purpose for which the original could be received, copies of the proceedings of the board of commissioners of a city, attested by the city recorder, the keeper thereof, are admissible without further proof of their authenticity.

2. Municipal Corporations—Public Improvements—General Council's Determination That Improvement Was Necessary Final in the Absence of Fraud and Collusion.—Under sections 3098 and 3100, Kentucky Statutes, the legislative body of cities of the second class is given the power to determine the necessity for a public improvement, and its determination is binding and conclusive on all parties in the absence of fraud or collusion.

3. Appeal and Error—It is Not Error to Strike Paragraph of Answer Presenting no Defense.—Where, in an action to enforce an improvement lien, a paragraph of the answer questioned the necessity for the improvement but did not allege fraud or collusion on the part of the general council, it presented no defense and the court did not err in striking it from the answer.

A. G. SIMRALL and R. G. WILLIAMS for appellant.

BEN BIEDENHAM, JR., for appellee.

Opinion of the Court by Judge Clay—Affirming.

J. G. Simrall appeals from a judgment enforcing an improvement lien on his property in favor of Edward J. McKenna, who performed the work under contract made pursuant to ordinances enacted by the city of Covington, a city of the second class.

It is first insisted that the court erred in permitting appellee to file as evidence certain copies of the ordinances and other proceedings of the board of commissioners attested by the city recorder. The point is made that as the papers were not filed as exhibits, and their authenticity was not proved, they were not competent as evidence. Section 1629, Kentucky Statutes, provides:

"A copy from the mayor's office of any city, or from the official books of any town or religious society, or an ordinance or bylaw for the rule of such city, town or society, attested by the keeper thereof, shall be evidence for any purpose for which the original could be received."

The copies in question fall within the statute, and being attested by the city recorder, the keeper of the city's records, they were admissible for any purpose for which the originals would have been received, and no further proof of their authenticity was required.

Another contention is that the court erred in striking the following allegations from the answer:

"The defendants say that said alley does not extend from the south line of Byrd Street; that said alley is what is commonly called and understood to be a dead end alley; that there is no outlet for said alley; that said alley does not connect with any street except Byrd street on the south; that the same is not and cannot be used for public travel; that said alley is of no benefit either to the traveling public; that said improvement could in no wise benefit said city or the traveling public thereof and should not have been made as it is no benefit to either person or property."

Section 3098, Kentucky Statutes, provides:

"The general council shall have full power to determine what streets, alleys, public ways or parts thereof shall be improved, the extent and character of the improvement, the kind of material or materials to be used and the necessity for the improvement, and its determination shall be final."

Section 3100, Kentucky Statutes, provides:

"The determination of the general council shall be conclusive and binding on all parties, and shall not be questioned or contested in any part, except on the ground of fraud or collusion on the part of the general council."

These provisions, which have been held constitutional, City of Newport v. Silva, 143 Ky. 704, 144 Ky. 450, 137 S. W. 546, confer on the legislative body of the city the power to determine the necessity for the improvement, and make its determination final except in case of fraud or collusion, and as neither fraud nor collusion was alleged, its determination could not be questioned in this action. That being true, the paragraph referred to presented no defense and the court did not err in striking it from the answer.

Judgment affirmed.